The ESTATE OF William E. LEMASTER, (Geraldine Lemaster, Personal Representative), Respondent,

v.

Jack HACKLEY, Appellant.

No. WD 39627.

Missouri Court of Appeals, Western District.

May 10, 1988.

John G. Sommer, Raytown, for appellant.

Howard D. Lay, Kansas City, for respondent.

Before NUGENT, P.J., and CLARK and KENNEDY, JJ.

CLARK, Judge.

This is an appeal from a summary judgment entered against appellant in a suit on a promissory note. The judgment is reversed and the case is remanded.

The action was commenced by a petition filed in the circuit court July 23, 1984. The caption of the pleading showed the parties to be "The Estate of William E. Lemaster (Geraldine Lemaster, Personal Representative), Plaintiff vs. Jack Hackley, Defendant." The status of the plaintiff was explained by allegations that William Lemaster had died in 1983, that his estate was pending in Lafayette County, Missouri and that Geraldine Lemaster was the personal representative of the estate. The petition pleaded the details of the promissory note and prayed for judgment against the defendant in the principal sum of the note, $105,000.00, and for interest and attorney fees. Although the petition contained no allegation as to ownership of the note, subsequent proof was that the note had been found among Lemaster's personal effects after his death.

Appellant answered the petition by admitting that he signed the note but defending on the ground that the consideration promised him in exchange for the note had not been furnished. The answer also denied the facts alleged as to the status of the Lemaster Estate and of the personal representative.

On May 4, 1987, after some pretrial discovery, plaintiff filed a motion for summary judgment. In that pleading, the plaintiff was identified as "The Estate of William *B.* Lemaster, (*William Grant Lemaster*, Personal Representative)" [emphasis added]. The motion referred to evidence produced at a hearing April 23, 1987. Counsel for plaintiff appeared at the hearing but neither Hackley nor an attorney was present on defendant's behalf. Summary judgment was entered for plaintiff and this appeal followed.

Statements of plaintiff's attorney made at the April 23, 1987 hearing, documents introduced in evidence and the testimony by witness Anthony R. Russo added the following information relevant to this appeal.

No estate for William Lemaster was of record in Lafayette County, Missouri. As of July 23, 1986, one William Grant Lemaster purported to act as personal representative under authority of the District Court of Wyandotte County, Kansas when he executed certain documents as "C.T.A. of the Estate of William E. Lemaster, deceased." Those documents filed as exhibits by plaintiff at the summary judgment hearing indicate that the only asset of the Lemaster estate was the subject note. Claims had been allowed against the estate in favor of Commercial National Bank, Anthony R. Russo, United Kansas Bank and Farhad Azima in the total amount of $170,938.00. The documents further indicated that on July 23, 1986, the subject note was assigned by William Grant Lemaster, acting on behalf of the estate, to the creditors above named and that the purpose of the assignment was to conclude administration on the estate.

The foregoing record leads to the following conclusions. If Geraldine Lemaster was ever appointed personal representative of the William E. Lemaster Estate, it was not by the probate court in Lafayette County, despite the petition allegation to that effect. No allegation or any proof supports a finding that Geraldine Lemaster was entitled to pursue a claim against appellant on a note payable to William E. Lemaster. William Grant Lemaster, the putative personal representative, was not a party to this suit by order of substitution or of record in any other manner except by the gratuitous insertion of his name in the pleading caption. As of the date summary judgment was entered in this case, the Estate of William E. Lemaster did not own the subject note.

On this appeal, Hackley contends respondent should not have been granted summa-

ry judgment because plaintiff lacked standing and capacity to sue on the note and because the obligation of the note was not established by unassailable proof.

There are several deficiencies in the presentation and proof of respondent's case, any one of which is sufficient to warrant reversal of the summary judgment. The first deals with the status of Geraldine Lemaster.

■ The personal estate of a decedent is not a legal entity. It cannot sue or be sued as such, and it cannot appeal as such. A decedent's estate can only act by and through the decedent's personal representative. *In Re Estate of Cromwell,* 522 S.W.2d 36, 41 (Mo.App.1975); *Matter of Estate of Fields,* 588 S.W.2d 50, 52 (Mo.App.1979).

■ The right to maintain this suit in the first instance depended on proof that Geraldine Lemaster was the personal representative of the payee of the note who was deceased. Aside from the absence in the petition of an allegation as to the exact date of William Lemaster's death, there was no proof that Geraldine Lemaster had ever been appointed personal representative for the deceased by any court. To the contrary, respondent's own proof demonstrated that as of the date of the motion hearing, one William Grant Lemaster had purported to be the personal representative. Such proof was essential to the entry of summary judgment in view of appellant's denial of the fact in his answer.

■ The deficiency in proof of the capacity of the plaintiff to maintain the action is all the more apparent from the documents respondent offered to support the summary judgment motion. The authority of Geraldine Lemaster to prosecute the suit to judgment was directly repudiated by the undertaking of William Grant Lemaster to act on behalf of the estate in assigning the note. If Geraldine Lemaster was at one time the personal representative and was succeeded in that office by William Grant Lemaster, both facts being no more than speculation on this record, then the suit could have continued only on motion for substitution of William Grant Lemaster

supported by allegation of facts demonstrating his position. Although respondent did alter the captions of the pleadings to insert the name of William Grant Lemaster in place of Geraldine Lemaster commencing in July, 1986, William Grant Lemaster is a stranger to the case and has no standing as a party. The trial court had no jurisdiction to award a judgment to William Grant Lemaster. Of course, on the authorities previously cited, no judgment could be awarded to the estate because the estate, as such, lacks the capacity to sue.

■ Even ignoring the deficiencies described above, the summary judgment fails for another reason. The proof adduced by respondent showed that the personal representative of the Lemaster Estate assigned the subject note on July 23, 1986 to Commercial National Bank, Anthony R. Russo, United Kansas Bank and Trust and Farhad Azima, together with the rights to pursue this suit which was then pending. As of that date, almost one year to the day before the summary judgment was entered, any interest which the personal representative of the deceased payee of the note had in the debt ended. Indeed, there is ample ground to doubt that the Lemaster Estate was pending or that the personal representative continued in that capacity as of the date when the court purported to grant the judgment.

Every civil action shall be prosecuted in the name of the real party in interest. Rule 52.01. The purpose of the rule is to enable those who are directly interested in the subject matter of the suit to be those who maintain the action. To warrant standing as a party, the plaintiff must have some actual and justiciable interest susceptible of protection through litigation. *Janssen v. Guaranty Land Title Co.,* 571 S.W.2d 702, 706 (Mo.App.1978).

William Grant Lemaster, even were he still the personal representative of the Lemaster Estate as of July, 1987, had no interest in this cause of action because the note had been assigned to creditors of the estate. Under the facts as presented to the trial court, the real parties in interest in the case, and presumably the then holders of

the note, were the two banks and the two individuals. The proof which the court received indicated that the plaintiff in the case, in the person of the personal representative, had no claim upon which a judgment could be rendered because the obligation owed by the defendant had been assigned to others. If the cause was to proceed at all, it could only have been by the substitution of new plaintiffs, whomever the then owners of the note may have been.

The trial court expressed some recognition of this situation when it concluded its judgment entry with the directive that the plaintiff assign the judgment to the two banks and the two named individuals. For the reasons previously stated, however, the plaintiff had demonstrated by the proof that the estate did not then own the note and it was therefore precluded from recovering any judgment. Moreover, the order for the assignment of the judgment was beyond the court's jurisdiction because it granted relief not sought in any pleading and to entities and persons who were not parties to the suit. In these respects as well, the summary judgment was in error.

The judgment is reversed and the cause is remanded for amendment of plaintiff's petition to assert such cause of action as substituted parties may desire to pursue.

All concur.