**Bob MORRIS d/b/a Joseph P. Caulfield, Public Adjuster, Respondent,**

v.

**Jerry and Janet JESKY, Appellants.**

**No. WD 43078.**

Missouri Court of Appeals, Western District.

Oct. 2, 1990.

James H. Ensz of Ensz & Jester, Kansas City, for appellants.

Sharlie Pender, Kansas City, for respondent.

Before TURNAGE, P.J., and MANFORD and BERREY, JJ.

MANFORD, Judge.

This is a direct appeal from a judgment entered by the trial court awarding damages and attorney's fees for breach of contract. The judgment is reversed.

A brief recitation of the facts pertinent to the disposition of this case follows. The petition upon which this action is premised is styled "Bob Morris d/b/a Joseph P. Caulfield, Public Adjuster vs. Jerry Jesky and Janet Jesky." The action itself, however, is based on a contract between Joseph P. Caulfield, Public Adjuster and appellants wherein appellants "agree[d] to pay Joseph P. Caulfield, Public Adjuster, a sum of money equal to 10% of any settlement ... plus the minimum costs of services as recovered from the [appellants'] insurance company, [due to a fire loss on appellants' property occurring November 30, 1988]." The contract was "accepted" on behalf of Joseph P. Caulfield, Public Adjuster "by Bob Morris."

Upon cross-examination of respondent Bob Morris at trial, he admitted that Joseph Caulfield was an adjuster, residing in St. Louis, Missouri, for whom he worked and on whose behalf he signed the contract in question.

After overruling appellants' motion for dismissal at the close of all evidence, judgment was entered for respondent in the amount of $2,441.00 and for attorney fees

in the amount of $1,000.00. This appeal followed. Any additional facts necessary for disposition of this case will be cited herein.

Appellants present two points on appeal, which, in summary, charge that the trial court erred (1) as a matter of law in failing to dismiss respondent Bob Morris' action against appellants since Joseph Caulfield, not the respondent, was the real party in interest to bring the action against appellants since Joseph Caulfield was the one on whose behalf Morris contracted, and (2) in awarding respondent, Bob Morris, attorney fees since neither as a matter of contract, statute, or civil rule was such an award authorized.

This is a court-tried action. Therefore, this court affirms the judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Appellants' first contention is that the trial court erroneously applied the law when it failed to dismiss respondent Bob Morris' action against appellants since Joseph Caulfield, Public Adjuster, and not Bob Morris, was the real party in interest. This court agrees.

At trial, respondent Bob Morris answered questions on cross-examination presented to him by appellants' attorney regarding his capacity to bring suit against appellants:

Mr. Ensz: And Joseph Caulfield is an adjuster who's in St. Louis; isn't he?

Mr. Morris: He's a licensed public adjuster. Yes, he is.

Mr. Ensz: And his—And you are a separate, distinct licensed public adjuster?

Mr. Morris: I work for Joseph P. Caulfield.

Mr. Ensz: Okay. You work for him. Your contract that you've entered into, Exhibit No. 1, which the Court has in front of it, I believe, which I'll make available to the Court so it can look along with us as we look at the one that's attached to the pleading. That

contract is a contract between Jerry and Janet Jesky and Joseph P. Caulfield; is it not?

Mr. Morris: Joseph P. Caulfield Company, yes.

Mr. Ensz: Okay. And you signed it on behalf of Joseph P. Caulfield?

Mr. Morris: That's right.

\* \* \* \* \* \*

Mr. Ensz: Okay. All right. Now, if I look at the petition in this case, I notice it's brought in the name of Bob Morris; is it not? You brought the action in your own name?

Mr. Morris: That's right.

Mr. Ensz: All right.

Mr. Morris: For Joseph P. Caulfield. I work for Joseph P. Caulfield.

Mr. Ensz: All right. But you're not Joseph P. Caufield; are you?

Mr. Morris: No, I'm not Joseph P. Caulfield.

Mr. Ensz: And you're not doing business as Joseph P. Caulfield?

Mr. Morris: I'm working for Joseph P. Caulfield.

In the case at bar, the contract is made between the appellants and Joseph P. Caulfield, Public Adjuster *by* Bob Morris. From reading the contract and the cross-examination of Bob Morris, it is clear that Mr. Morris is acting in the capacity of agent for Joseph P. Caulfield, Public Adjuster, and is, therefore, not a real party in interest. If anyone has an action against appellants for breach of this contract, it is Joseph P. Caulfield, Public Adjuster.

The evidence as adduced from respondent Bob Morris at trial shows that the action pursued by Bob Morris on his own behalf is an action that belongs to Joseph P. Caulfield, Public Adjuster, a distinct person and entity on whose behalf Bob Morris was acting. As agent for Joseph P. Caulfield, Public Adjuster, Bob Morris cannot sue in his own name for a payment due Joseph P. Caulfield, Public Adjuster, since he has no real legal interest in the action.

Further, there is no evidence on the record that even suggests that Bob Morris, as the agent for Joseph P. Caulfield, Public

Adjuster, has any authority given to him by Joseph P. Caulfield, Public Adjuster, to bring suit on his behalf. *See McLendon v. Leighty*, 320 S.W.2d 735, 736 (Mo.App. 1959). One cannot bring suit in his own name when he is acting only in the capacity of an agent. *Devers to the use of Devers v. Becknell*, 1 Mo. 333 (1823).

The controlling procedural law requires that an action must be prosecuted in the name of the real party in interest. § 507.010, RSMo 1986; Rule 52.01. Thus, respondent Bob Morris is not the real party in interest to this action and this court must, therefore, reverse the trial court's decision.

■ Appellants' second contention is that the court erred as a matter of law in awarding respondent, Bob Morris, attorney fees. The contract in this action does not allow for payment of attorney fees and, unless authorized by statute or by a court of equity in certain cases (none relevant here), attorney fees are personal in nature and depend upon a contract. *Allied Pools, Inc. v. Sowash*, 735 S.W.2d 421, 427 (Mo. App.1987).

The only other basis for allowance of attorney fees would be as a result of the trial court's finding that appellants' motion at the trial level to dismiss or for directed verdict was not made in compliance with Rule 55.03. The trial court made no such finding and there exists no basis for such a finding so as to award respondent attorney fees. *Ingram v. Horne*, 785 S.W.2d 735, 739–740 (Mo.App.1990).

The judgment is reversed.

All concur.