## In the Matter of the ESTATE OF Wilmot Harry SCOTT, Deceased.

### No. 68456.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 26, 1995.

Edward M. Roth, St. Louis, for appellant.

Fairfax Jones, Terry Lueckenhoff, St. Louis, J. Peter Schmitz, Clayton, for respondent.

GRIMM, Judge.

Mother appeals from the dismissal of her petition to compel enforcement of a stock purchase agreement. The probate division of the circuit court held that she lacked standing. She appeals; we affirm.

### I. Background

Father, sons, and daughter owned all of the stock in Vitro Products, Inc. On December 28, 1977, they executed a stock purchase agreement. Father signed the agreement as a shareholder and as president on behalf of the corporation. Mother did not own any stock in the corporation.

The agreement restricts transfer of the corporation's stock. It requires any shareholder transferring stock during the shareholder's lifetime to first offer the stock to the corporation and the other shareholders.

The agreement also restricts transfer of stock at a shareholder's death. In this regard, the agreement reads:

> Upon the death of any party holding stock in this corporation, said corporation, or the surviving stockholders ... hereby agree and bind themselves to purchase the stock of said decedent for the valuation as of the date of death ... and it is agreed

---

that the heirs, executors, administrators and legal representatives of the stockholder so dying shall be bound absolutely to sell said stock in accordance with the terms of this contract. . . .

Father executed his will on March 27, 1986, more than eight years after he signed the stock purchase agreement. His will provides, "I give and bequeath all stock of [corporation] which I may own at the time of my death, to my children ... in equal shares." Thus, the bequest gives the children the same stock they or the corporation would have to pay for under the stock purchase agreement. Father left the residue of his estate to mother.

Father died on January 11, 1994. His will was admitted to probate on March 14, 1994. On June 10, 1994, mother filed a petition in the probate division to enforce the stock purchase agreement. She asked the court to "issue an order directing that the Personal Representative of the [estate] 'sell said stock' in accordance with the terms of the Stock Purchase Agreement." On April 18, 1995, the court dismissed mother's petition stating, "The court FINDS that [mother] lacks standing to compel enforcement of the terms of the stock purchase agreement."

## II. Standing

Mother alleges the trial court erred in finding that she lacked standing. She argues: (1) the agreement cannot be altered by the bequest of the stock in father's will; (2) the agreement confers upon her the right to enforce it; and (3) she has an independent right to specifically enforce the agreement as a donee, third-party beneficiary.

Mother is not a party to the stock purchase agreement. Thus, she does not have a contractual right to enforce the agreement.

Mother is not a third-party beneficiary. Only those third parties for whose primary benefit the contracting parties intended to make the contract may sue on the contract. *Dave Kolb Grading, Inc. v. Lieber-*

*man Corp.,* 837 S.W.2d 924, 940 (Mo.App. E.D.1992). Moreover, the terms of the contract must clearly express an intent to benefit the third party. *Mitchell v. K.C. Stadium Concessions, Inc.,* 865 S.W.2d 779, 786 (Mo. App.W.D.1993).

Here, by its terms, this agreement is for the sole benefit of the corporation and its shareholders. There is no indication of any intent to benefit anyone else. Thus, mother lacks standing to bring this action.

Mother contends that shareholder agreements may be enforced against the deceased shareholder's heirs who, but for the agreement, would receive the stock. She relies on *Powell v. Kennedy,* 463 S.W.2d 802 (Mo.banc 1971) and *Black and White Cabs of St. Louis, Inc. v. Smith,* 370 S.W.2d 669 (Mo.App.E.D. 1963). Both cases are easily distinguished.

In *Powell,* 463 S.W.2d at 803, the plaintiff was a party to the shareholder agreement. In *Black and White Cabs,* 370 S.W.2d at 675–76, the court found the shareholder agreement was designed to protect the plaintiff corporation. Thus, the corporation was a third-party beneficiary. In this case, mother is neither.

Standing is a threshold requirement. Without it, a court has no power to grant the relief requested. *Bird v. Weinstock,* 864 S.W.2d 376, 381 (Mo.App.E.D.1993). The probate division did not err in dismissing mother's petition. Point denied.

The circuit court's judgment is affirmed.*

AHRENS, P.J., and PUDLOWSKI, J., concur.

---

* The two sons and the corporation filed a motion to dismiss this appeal which was ordered taken with the case. Their motion is denied as moot.