Roy A. BURT, Jr., Respondent,

v.

Santo J. SMIROLDO and Santo
V. Smiroldo, Appellants.

No. WD 53696.

Missouri Court of Appeals,
Western District.

Nov. 18, 1997.

Patrick Beeman, Kansas City, for Appellants.

Roy Burt, Kansas City, pro se.

SPINDEN, Judge.

Santo J. Smiroldo and Santo V. Smiroldo appeal the circuit court's judgment for Roy A. Burt in this dispute over lease payments and damage to property. The Smiroldos contend that the circuit court wrongfully denied their motion for a directed verdict at the close of Burt's evidence because, they argue, Burt did not prove that he was the real party in interest entitled to enforce the lease the Smiroldos entered into with Burt's parents. We affirm.

On February 26, 1985, Burt's parents leased a building at 1101 Burlington in North Kansas City to Bernice Smiroldo for $325 a month for five years to be used for commercial business.[1] Bernice Smiroldo immediately assigned the lease to Santo J. Smiroldo. The record does not indicate whether the parties renewed the lease for additional five-year periods or continued on a month-to-month basis, but the Smiroldos continued to occupy the property until sometime in 1995. Burt's father died on April 6, 1992, and Burt's mother became the sole owner of the property.

On December 14, 1992, Burt's son, Andrew Burt, acting as conservator of his grandmother's financial affairs, agreed with Santo V. Smiroldo to lease a building at 1111 Burlington in North Kansas City for $250 a month for one year. The lease did not designate the property's street address. After a year, the parties extended the lease for additional one-year periods. The final period ended on February 1, 1994, but Smiroldo continued to occupy the building on a month-to-month basis. On March 20, 1993, Andrew Burt, again as conservator of his grandmother's financial affairs, also entered into another one-year lease beginning on April 1, 1993, for storage space at 1107 Burlington in North Kansas City with Santo V. Smiroldo for $150 a month. After the initial period expired, Smiroldo continued to occupy this space also on a month-to-month basis. The Smiroldos

---

1. The lease referred to the building's use as a storeroom, a delicatessen, and a liquor store. In a diagram of the property owned by the Burts and submitted as evidence at trial, the liquor store had been separately designated as 1103 Burlington. That diagram also denoted other buildings on the property as 1107, 1109, and 1111 Burlington.

ceased paying rent on any of the buildings after October 1994.

Burt's mother died on January 13, 1994. The circuit court appointed Charles Hight as administrator *pendente lite* of her estate. On February 9, 1995, the circuit court approved a will contest settlement pertaining to the estate. The settlement designated Burt as the recipient of his mother's real property which was described as:

The South 230 feet of the East Half of Block 5, Todd and Morrison Subdivision Number Two, a subdivision in North Kansas City, Clay County, Missouri, according to the recorded plat thereof, except the East 7–1/2 feet thereof conveyed to North Kansas City Bridge and Railroad Company, in Book 227 at Page 600, Clay County Deed Records, subject to easements and restrictions of record.

On March 1, 1995, Hight sent a letter to Santo J. Smiroldo acknowledging various checks that Smiroldo had submitted for payment of all three leases up through rent due for October 1994.[2] The letter also said:

Please be advised that the estate of Edna Faye Burt is nearing completion and pursuant to a Court Order dated February 9, 1995, the real estate commonly known as 1103 Burlington, North Kansas City, Missouri, is being distributed to Roy A. Burt, Jr. . . .

By reason of the distribution of this real estate to Mr. Burt and pursuant to agreement of the parties interested in the estate I am returning herewith your delinquent rent Check Number 9849 dated February 6, 1995 in the amount of $975.00 and your delinquent rent Check Number 9913 dated February 27, 1995 in the amount of $325.00.

. . . .

I am sure that Roy A. Burt, Jr. will be in touch with you relative to the matter.

You are hereby instructed to not furnish any further rental payment to my attention in behalf of the Edna Faye Burt Estate and all future rental matters will be between you and Roy A. Burt, Jr.

On March 31, 1995, Burt sent a registered letter to the Smiroldos telling them that the circuit court had awarded him ownership of the property and delineating the delinquent payments owing under the three leases. The letter demanded payment of past due amounts and surrender of the premises by April 30, 1995. The Smiroldos abandoned the property sometime before May 1, 1995.

The circuit court entered an order on August 1, 1995, authorizing Hight to assign the delinquent rent owing by the Smiroldos to Burt. On September 8, 1995, Burt filed a petition against the Smiroldos for delinquent rent for November 1994 through February 1995 and for damage to the property. The Smiroldos responded by denying each allegation and alleging that Burt was not the proper party to bring the rent action.

The circuit court convened a jury trial on November 4, 1996. Burt proceeded *pro se* and entered evidence of the leases, the court's orders, and letters between the parties. The Smiroldos did not cross-examine witnesses or present a defense. They made an oral motion for a directed verdict at the close of Burt's evidence on the grounds that Burt had not proven that he was the proper party to bring the action or that the legal description of the property awarded to him from his mother's estate was the same property covered by the leases. The circuit court overruled the motion. The jury found for Burt and awarded him more than he had prayed for in his petition.[3]

On November 26, 1996, the Smiroldos filed a motion for a directed verdict or for judgment notwithstanding the verdict. The mo-

---

2. Although the letter did not specify Santo *J.* Smiroldo, the administrator sent the letter to the address listed on the original lease as that of Santo J. Smiroldo. The letter also noted that Santo J. Smiroldo had been submitting one check for $725 each month. This was the total due for the three leases.

3. In Count I, Burt claimed damages for past due rent under the main lease of $1950, and the jury awarded $2500. Under Count II, Burt claimed damages for past due rent under the two subsequent leases of $1600, and the jury awarded $3550. In Count III, Burt claimed damages for cleanup and repair expenses of the abandoned lease property of $755, and the jury awarded $1500.

tion again alleged that Burt had not proven that he was the real party in interest or connected the leases with the property awarded to him from his mother's estate. The circuit court denied the motion. The circuit court decided, however, that the jury did not have sufficient evidence to justify its award to Burt, so, pursuant to § 537.068, RSMo 1996 Supp., it ordered remittitur. The Smiroldos appeal. Burt did not appeal the remittitur.

In their sole point on appeal, the Smiroldos contend that the circuit court erred by not granting a directed verdict in their favor because, they allege, Burt did not prove that he was the real party in interest as required by Rule 52.01. They claim that because Burt was not a party to the original leases and did not connect the legal description of the property awarded to him under his mother's will, he had failed to meet his burden of proving that he was the real party in interest. We disagree.

 Burt presented evidence that he became title holder of his mother's property designated by a particular legal description of the property. His evidence did not refer to the property's common street address. He did, however, present a letter written by the administrator *pendente lite* to the Smiroldos informing them that Burt had become owner of the property covered by their leases and that any rent payments owing should be sent to Burt, not to the estate. He also presented evidence that the administrator specifically assigned to Burt the claim for delinquent rents owed by the Smiroldos under the leases. The Smiroldos presented nothing controverting this evidence.

Burt's burden of proof was mere preponderance of the evidence. All that is required in a civil action such as this is that the party with the burden of proof establish his or her case "by a preponderance, that is, the greater weight of the credible evidence." *Highfill v. Brown*, 320 S.W.2d 493, 497 (Mo. 1959). Burt met his burden, especially in light of the Smiroldos' lack of contradiction.

The judgment of the circuit court is affirmed.

ULRICH, C.J., P.J., and BRECKENRIDGE, J., concur.