John AUFENKAMP and Robert M. Aufenkamp, Appellants,

v.

Dorwin GRABILL and Lavaughn Grabill d/b/a Orabill Construction, Respondents.

No. WD 61375.

Missouri Court of Appeals, Western District.

Aug. 19, 2003.

John B. Neher, Lexington, MO, for appellants.

G. Thomas Harris, III, Richmond, MO, for respondents.

Before JOSEPH M. ELLIS, Chief Judge, JAMES M. SMART, JR., Judge and RONALD R. HOLLIGER, Judge.

JOSEPH M. ELLIS, Chief Judge.

John and Robert Aufenkamp appeal the judgment of the trial court denying their petition for damages in which they claimed entitlement, as the sole heirs of their father, Ray Aufenkamp, to proceeds due from an alleged sales contract between their father and Respondents Dorwin and Lavaughn Grabill.

Ray Aufenkamp died on September 3, 2000. He left a will, but it was never presented to the probate court for, nor admitted to, probate. Moreover, no decedent's estate was opened, and no administration was had on his estate.

On April 25, 2001, Appellants filed their initial petition in this case, followed by a first-amended petition on September 12, 2001. They brought the action in their individual capacities, and at no time have they ever asserted they brought the action as personal representatives of the estate of Ray Aufenkamp. Rather, they alleged they were the sole heirs of Ray Aufenkamp, deceased, and claimed entitlement to proceeds due on an alleged sales contract between their father and the Grabills. Appellants asseverated that the Grabills entered into a sales contract in October 1992 with Mr. Aufenkamp to purchase a D 6C Bulldozer for $30,000, to be paid in installments with interest set at ten percent annually. The Grabills made periodic payments from February 2, 1993, until December 27, 1997. The Grabills did not make any additional payments on the bulldozer from December 1997 until Mr.

Aufenkamp's death in September 2000. Appellants prayed for judgment in their personal favor against the Grabills in the amount of $18,365.65 on the contract, plus interest and attorney's fees.

On October 25, 2001, Respondents filed their first-amended answer, in which they denied the existence of a contract and asserted several defenses. Respondents averred that Appellants' claim was barred by the statute of frauds and the statute of limitations. Respondents further argued that they were entitled to set off for amounts owed to them by Mr. Aufenkamp for repairs they had made to his equipment and fees due to Respondents for storage of Mr. Aufenkamp's equipment.[1] Finally, Respondents claimed that, if there was a contract between the parties, it did not include a charge of interest.

A trial was held on December 7, 2001. Respondents made an oral motion to dismiss, claiming that Appellants lacked standing to bring a petition claiming damages for breach of contract because such an action should have been brought by a personal representative of Mr. Aufenkamp's estate. The court took the motion under advisement but did not enter a ruling.

On December 20, 2001, the trial court entered judgment in favor of Respondents. No request having been made by the ei-ther of the parties, the trial court did not make any findings of fact or conclusions of law in its judgment.

Almost two months after judgment was entered against them, on February 11, 2002, Appellants filed a petition for heirship in the probate division of the Circuit Court of Lafayette County pursuant to section 473.663.[2] On February 13, 2002, Appellants filed a motion to open the judgment, take additional evidence and direct entry of a new judgment. Appellants averred that they had filed a petition for heirship with the probate court which they stated would establish their right to recover the proceeds due under the contract. Appellants asked the court to reopen its judgment pending the outcome of the probate proceeding and then to direct entry of a new judgment.

Appellants were notified of several deficiencies in their petition for heirship by a letter from Associate Circuit Judge John Frerking, and they filed an amended petition on February 27, 2002. At the hearing on the motion to reopen the judgment, Appellants submitted the docket sheet of the probate court, showing that their amended petition had been filed.

■ On April 3, 2002, the trial court denied Appellants' motion to reopen the judgment as untimely pursuant to Rule

---

1. We note that the answer states that "Plaintiffs" are entitled to set off for various repairs made by "Plaintiffs." It is clear from the answer that this is a typographical error.

2. Section 473.663.1 provides the following, in relevant part:

> If a person has died leaving property or any interest in property in this state and if no administration has been commenced on the estate of such decedent in this state within one year after the date of decedent's death, and if no written will of such decedent has been presented for probate in this state within the time period provided in subsec-tion 2 of section 473.050, then any person claiming an interest in such property as heir or through an heir may file a petition in the probate division of the circuit court which would be of proper venue for the administration of the estate of such decedent to determine the heirs of the decedent at the date of the decedent's death and their respective interests or interests as heirs in the estate.

After a petition is filed, a hearing is held, following notice pursuant to sections 473.663.2 and 473.663.3.

78.04.[3] Appellants bring this appeal challenging the trial court's judgment in favor of Respondents.

We need not address the arguments raised in Appellants' two points on appeal because Appellants did not have standing to sue for damages for the breach of the alleged contract between their father and the Grabills. Therefore, the trial court should have dismissed their petition.

■■■■ Appellants claim that Respondents did not properly raise a "defense" of standing because, while they made an oral motion to dismiss at trial, they did not raise the issue in the pleadings and never sought prohibition, which they claim is the "exclusive" remedy. But a challenge to standing may be raised at any time, including *sua sponte* by this court. *State ex rel. Mathewson v. Board of Election Comm'rs of St. Louis County*, 841 S.W.2d 633, 634 (Mo. banc 1992); *Querry v. State Highway & Transp. Comm'n*, 60 S.W.3d 630, 634 (Mo.App. W.D.2001); *State ex rel. Mink v. Wallace*, 84 S.W.3d 127, 129 (Mo.App. E.D. 2002). "Lack of standing can not be waived, and without it a court has no power to grant the relief requested." *Mink*, 84 S.W.3d at 129. Indeed, "[s]tanding is a threshold requirement." *In re Scott*, 913 S.W.2d 104, 105 (Mo.App. E.D.1995). "Where, as here, a question is raised about a party's standing, courts have a duty to determine the question of their jurisdiction before reaching substantive issues, for if a party lacks standing, the court must dismiss the case because it does not have jurisdiction of the substantive issues presented." *Farmer v. Kinder*, 89 S.W.3d 447, 451 (Mo. banc 2002).

Appellants filed a petition claiming entitlement to damages for the breach of an alleged contract between their father and the Grabills. They filed the lawsuit in their names, and not in a representative capacity on behalf of the estate. Section 507.010[4] and Rule 52.01 require that every action be prosecuted in the name of the real party in interest. *Morris v. Jesky*, 796 S.W.2d 139, 141 (Mo.App. W.D.1990).

■■■■ Generally, an individual must be a party to a contract or a third party beneficiary in order to have standing to enforce the agreement. *General Motors Acceptance Corp. v. Windsor Group, Inc.*, 2 S.W.3d 836, 839 (Mo.App. E.D.1999). "Only those third parties for whose primary benefit the contracting parties intended to make the contract may sue on the contract ... [and] the terms of the contract must clearly express an intent to benefit the third party." *In re Scott*, 913 S.W.2d at 105; *See also Applegate v. Quincy, O. & K.C.R. Co.*, 252 Mo. 173, 158

**3.** On April 12, 2002, the probate division entered its judgment determining that Appellants are the sole heirs of Mr. Aufenkamp and are the rightful successors in interest to all contract rights to the bulldozer, to the degree and extent that such a contract exists. The judgment was entered after the trial court denied Appellants' motion to reopen judgment and, thus, was not presented to the trial court, although it is included in the supplemental legal file. Documents that were not presented to the trial court, however, may not be included in the record on appeal. *Marc's Restaurant, Inc. v. CBS, Inc.*, 730 S.W.2d 582, 584 (Mo.App. E.D.1987).

**4.** Section 507.010 provides:

> Every action shall be prosecuted in the name of the real party in interest, but an executor, administrator, personal representative, guardian, conservator, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name in such representative capacity without joining with him the party for whose benefit the action is brought; and when a statute so provides, an action for the use or benefit of another shall be brought in the name of the state of Missouri.

S.W. 376, 379 (1913) ("[B]efore a promise made by A. to B. can be sued on by C., a stranger to the contract, it must be made for the benefit of C., and be so intended by the contracting parties."). For example, in *Cannon v. Katz Drug Co.*, 577 S.W.2d 82 (Mo.App. W.D.1978), the court held that a wife, as the beneficiary of her husband's life insurance policy, was the party in interest to sue for those benefits, rather than the personal representative of her husband's estate. *Id.* at 87–88. Appellants are not parties to the alleged contract between Mr. Aufenkamp and the Grabills, nor are they third-party beneficiaries.

The facts of this case are clearly distinguishable from those in *Burt v. Smiroldo*, 955 S.W.2d 245 (Mo.App. W.D.1997), where a son was permitted to collect rental payments due from a lease agreement entered into by his deceased parents. In *Burt,* the son proved by a preponderance of the evidence that he was the real party in interest to enforce the lease. *Id.* at 247. His evidence included a will contest settlement naming him the recipient of his mother's real property, a letter from the administrator of his mother's estate advising the tenants that future rent payments should be made to the son, and a court order authorizing the administrator to assign delinquent rent to the son. *Id.* at 246–47.

Here, Appellants didn't even file a petition for heirship until after the trial court had entered its judgment against them. When they did so, however, they acknowledged that their father had been deceased for more than one year, that his will had not been offered for probate, and that administration of their father's estate was time barred pursuant to the probate code.[5]

---

5. Section 473.050 provides:
   1. A will, to be effective as a will, must be presented for and admitted to probate.
   2. When used in chapter 472, RSMo, chapter 474, RSMo, chapter 475, RSMo, and this chapter, the term "presented" means:
   (1) Either the delivery of a will of a decedent, if such will has not previously been delivered, to the probate division of the circuit court which would be the proper venue for the administration of the estate of such decedent, or the delivery of a verified statement to such court, if the will of such decedent is lost, destroyed, suppressed or otherwise not available, setting forth the reason such will is not available and setting forth the provisions of such will so far as known; and
   (2) One of the following:
   (a) An affidavit pursuant to section 473.097, which requests such will be admitted to probate; or
   (b) A petition which seeks to have such will admitted to probate; or
   (c) An authenticated copy of the order admitting such will to probate in any state, territory or district of the United States, other than this state.
   3. No proof shall be taken of any will nor a certificate of probate thereof issued unless such will has been presented within the applicable time set forth as follows:
   (1) In cases where notice has previously been given in accordance with section 473.033 of the granting of letters on the estate of such testator, within six months after the date of the first publication of the notice of granting of letters, or within thirty days after the commencement of an action under section 473.083 to establish or contest the validity of a will of the testator named in such will, whichever later occurs;
   (2) In cases where notice has not previously been given in accordance with section 473.033 of the granting of letters on the estate of testator, within one year after the date of death of the testator;
   (3) In cases involving a will admitted to probate in any state, territory or district of the United States, other than this state, which was the decedent's domicile, at any time during the course of administration of the decedent's domiciliary estate in such other state, territory or district of the United States.
   4. A will presented for probate within the time limitations provided in subsection 3 of this section may be exhibited to be proven, and proof received and administration granted on such will at any time after such presentation.

Accordingly, at trial, Appellants failed to show that they were the real parties in interest to enforce the contract between their father and the Grabills.

 Appellants also do not have standing to proceed on behalf of their father's estate by filing a lawsuit alleging damages for breach of contract. Generally, when a party to a contract dies and the contract is not one of a personal nature, the decedent's interest or obligation under the contract passes to the personal representative. *McDaniel v. Rose*, 153 S.W.2d 828, 830 (Mo.App. E.D.1941); *See also § 473.270.*[6] "A decedent's estate can only act by and through the decedent's personal representative." *Estate of Lemaster v. Hackley*, 750 S.W.2d 692, 694 (Mo.App. W.D.1988).[7] Appellants have never claimed that they were the personal representatives of their father's estate.

Since Appellants lacked standing to sue for damages for breach of contract because they were not the real parties in interest to enforce a contract between their father and the Grabills, and likewise did not have standing to sue on behalf of their father's estate, the trial court did not have subject matter jurisdiction of the issues presented. *Querry*, 60 S.W.3d at 637. The trial court

erred in entering judgment in favor or Respondents, and should have, instead, dismissed the petition. Consequently, the judgment is reversed and the cause is remanded to the trial court with directions to dismiss the petition. Costs on appeal are to be taxed against the Appellants.

All concur.

---

5. A will not presented for probate within the time limitations provided in subsection 3 of this section is forever barred from admission to probate in this state.

6. Except as provided in section 537.021, RSMo, no letters of administration shall be issued unless application is made to the court for such letters within one year from the date of death of the decedent.

6. Section 473.270 provides:

Executors and administrators shall collect all money and debts of every kind due to the decedent, and give receipts and discharges therefor, and shall commence and prosecute all actions which may be maintained and are necessary in the course of his administration. . . .

7. Of course, a beneficiary may file a discovery of assets petition to determine title or right to property of an estate, but only in the probate division of the court where the estate is pending. *See § 473.340; Estate of Fox*, 955 S.W.2d 945, 948 (Mo.App. S.D.1997). Section 473.340 provides in relevant part:

Any personal representative, administrator, creditor, beneficiary or other person who claims an interest in property which is claimed to be an asset of an estate or which is claimed should be an asset of an estate may file a verified petition in the probate division of the circuit court *in which said estate is pending* seeking determination of the title, or right of possession thereto, or both.