

# Missouri Court of Appeals
## Southern District

In Division

| | |
|---|---|
| In the Estate of Richard E. Smith, | ) |
| | ) |
| APRIL M. SVEC, Personal Representative of the Estate of Deidre A. Smith, and ASHLEY A. LUX, | ) ) ) |
| | ) |
| Appellants, | ) No. SD37438 |
| | ) |
| vs. | ) FILED: February 1, 2023 |
| | ) |
| AMIE M. BROOKS, ERIC R. SMITH, and JOSHUA C. SMITH, | ) ) |
| | ) |
| Respondents. | ) |

APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Michael J. Gilley, Judge

**AFFIRMED.**

This case involves an antenuptial agreement, dated July 11, 2007 (the "Antenuptial Agreement"), between Richard E. Smith and Deidre A. Smith ("Richard" and "Deidre," respectively).[1]  Following their marriage to one another, Richard passed away on November 7, 2010, and Deidra passed away on April 22, 2019.

April M. Svec ("Appellant"), as personal representative for Deidre's estate, appeals the

---

[1] Because Richard and Deidre share the same last name, we refer to them by their first names.  No disrespect is intended.

judgment of the Probate Division of the Circuit Court (the "probate court") determining that, under the terms of the Antenuptial Agreement, Deidre waived her right to inherit a certain piece of contested real estate (the "Real Estate") and, therefore, Richard's children from a previous marriage, Amie M. Brooks, Eric R. Smith and Joshua C. Smith (collectively "Respondents"), are entitled to inherit the Real Estate. In her sole point on appeal, Appellant challenges the probate court's judgment on the basis that Respondents "were without standing to enforce said Antenuptial Agreement[.]" We disagree and affirm the probate court's judgment.[2]

"'[S]tanding is a prerequisite to the court's authority to address substantive issues with respect to that party[.]'" *Salvation Army, Kansas and Western Missouri Division, v. Bank of America*, 435 S.W.3d 661, 666 (Mo.App. 2014) (*quoting Schweich v. Nixon*, 408 S.W.3d 769, 774 n.5 (Mo. banc 2013)). "A party has standing to sue when it has a justiciable interest in the subject matter of the action." *Id.* (internal quotation marks omitted). A party cannot waive lack of standing. *Davis v. St. Charles County*, 250 S.W.3d 408, 411 (Mo.App. 2008). "Because standing is a question of law, review of the issue on appeal is *de novo*." *CACH, LLC v. Askew*, 358 S.W.3d 58, 61 (Mo. banc 2012) (internal quotation marks omitted).

Appellant's sole point contains no challenge to the probate court's substantive findings of fact or conclusions of law in Respondents' favor.[3] Appellant takes issue only with Respondents' standing, asserting in her supporting argument that they lack standing for the same reasons that

---

[2] Two of the Respondents filed briefs in this appeal and argue that Appellant's initial brief contains various briefing deficiencies and, for that reason, this Court should dismiss the appeal. While we agree that many such deficiencies are present, we have elected to review Appellant's point *ex gratia*.

[3] Appellant makes certain arguments in her briefs attempting to address substantive issues (e.g., arguments pertaining to the statute of limitations, Richard's testamentary intent, and the contents of the Antenuptial Agreement). These arguments, however, are outside the scope of Appellant's point relied on and are not addressed further in this opinion. "Claims of error raised in the argument portion of a brief that are not raised in a point relied on are not preserved for our review." *Davis v. Wieland*, 557 S.W.3d 340, 352 n.10 (Mo.App. 2018) (internal quotation marks omitted).

the petitioners lacked standing in *Aufenkamp v. Grabill*, 112 S.W.3d 455 (Mo.App. 2003) ("*Aufenkamp 1*").

In *Aufenkamp 1*, the petitioners claimed an interest in the proceeds of a sales contract on the basis that one of the contracting parties was their father, their father had since passed away, and they were their father's sole heirs. *Id.* at 457. However, "no decedent's estate was opened, and no administration was had on his estate." *Id.* at 455. The petitioners "brought the action in their individual capacities, and at no time have they ever asserted they brought the action as personal representatives of the estate of [the decedent]." *Id.*

Ultimately, the Western District of this Court concluded that the petitioners in *Aufenkamp 1* lacked standing to sue for damages on the alleged contract between their deceased father and the defendants in the case. *Id.* at 458. The Court noted the following relevant legal principles: "an individual must be a party to a contract or a third[-]party beneficiary in order to have standing to enforce the agreement[,]" *id.* at 458; and "when a party to a contract dies and the contract is not one of a personal nature, the decedent's interest or obligation under the contract passes to the personal representative." *Id.* at 460. The Court concluded that the petitioners satisfied none of the aforementioned criteria and, therefore, lacked standing to pursue the underlying lawsuit. *Id.*

Appellant argues that the same legal principles discussed in *Aufenkamp 1* also prevent Respondents in this case from having any standing to enforce the Antenuptial Agreement. Appellant's argument, however, completely ignores that the legal action in this case, unlike the legal action in *Aufenkamp 1*, was brought under section 473.663.[4]

---

[4] Unless otherwise indicated, all statutory references are to RSMo (2016) as amended.

Therefore, because section 473.663 is the governing statute, we turn to and address it. The statute provides, in pertinent part:

> If a person has died leaving property or any interest in property in this state and if no administration has been commenced on the estate of such decedent in this state within one year after the date of decedent's death, and if no written will of such decedent has been presented for probate in this state within the time period provided in subsection 3 of section 473.050, then any person claiming an interest in such property as heir or through an heir may file a petition in the probate division of the circuit court which would be of proper venue for the administration of the estate of such decedent to determine the heirs of the decedent at the date of the decedent's death and their respective interests or interests as heirs in the estate.

Section 473.663.1. "Upon the hearing of the petition, the court shall make a decree determining the person or persons entitled to the property with respect to which a determination is sought, and their respective interest in the property as heirs or successors in interest to such heirs." Section 473.663.4.

In this case, one of the Respondents filed a "Petition for Determination of Heirship" that was later amended (the "Amended Petition"). The Amended Petition alleges that, within all relevant timeframes, "that no administration has been commenced on the estate of said decedent in this state, and that no will of said decedent has been offered for probate in this state"; that Respondents are Richard's children and have an interest in the Real Estate as Richard's heirs; and that Deidre, who was an heir of Richard as his spouse, "waived her inheritance rights in Section 14 of the Antenuptial Agreement" pursuant to section 474.120.[5]

Thus, *Aufenkamp 1*, upon which Appellant bases her entire argument, is inapposite, as that case, initially, did not involve a judicial determination of their heirship under section 473.663. *See* 112 S.W.3d at 457. We note that the later procedural posture of that case,

---

[5] Section 474.120 provides that "[t]he rights of inheritance or any other statutory rights of a surviving spouse of a decedent who dies intestate shall be deemed to have been waived if prior to, or after, the marriage such intended spouse or spouse by a written contract did agree to waive such rights . . . ."

4

described in ***Aufenkamp v. Grabill***, 165 S.W.3d 191 (Mo.App. 2005) ("***Aufenkamp 2***"), involved the petitioners obtaining a determination of heirship and refiling the lawsuit. ***Id.*** at 193. In ***Aufenkamp 2***, after obtaining this determination, it appears that the issue of petitioners' standing was no longer germane to the proceedings; rather, their lawsuit was ultimately adjudged to be barred by the statute of limitations. ***Id.*** at 194.

In any event, this case involves a judicial determination of heirship under section 473.663. Therefore, contrary to Appellant's argument otherwise, it matters not whether a personal representative of Richard was a party to the underlying litigation. To have standing, Respondents needed only to have a justiciable interest in the Real Estate *as Richard's heirs*. *See* section 473.663.1. It also matters not whether Respondents were parties to or third-party beneficiaries of the Antenuptial Agreement. Again, what matters is Richard's interest in the Real Estate and to what extent that interest passes to his heirs under the law, which includes any disinheritance under the Antenuptial Agreement. *Cf.* ***Heidbreder v. Tambke***, 284 S.W.3d 740, 742-76 (Mo.App. 2009) (holding that the heirs of a decedent had standing, after receiving a judicial determination of heirship under section 473.663, to then pursue an action against the recipients of a loan granted by the decedent for the repayment of that loan).

For all of the foregoing reasons, Appellant's point challenging Respondents' standing is without merit and is denied. The probate court's judgment is affirmed.

BECKY J. W. BORTHWICK, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS