**OLEAN ASSOCIATES, INC., and
Realty Development–north, Inc.,
Plaintiffs/Appellants,**

v.

**KNIGHTS OF COLUMBUS, Unico
Management Company a/k/a Unico
Properties, Inc., Nooney Krombach
n/k/a NK Realty, and Sitex Environmental, Inc., Defendants/Respondents.**

**No. 74030.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 3, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 10, 1999.

Application to Transfer Denied
Dec. 21, 1999.

David M. Harris, St. Louis, for appellant.

Kurtis B. Reeg/Cawood K. Bebout, Michael D. Hart, David Wells, John R. Barsanti, Jr., St. Louis, for respondent.

ROBERT G. DOWD, Jr., Presiding Judge.

Olean Associates, Inc. ("Olean") and Realty Development–North, Inc. ("Realty–North") (collectively referred to as "Appellants") appeal from the judgment of the trial court sustaining Respondents' motions to dismiss. The trial court dismissed Appellants' petition with prejudice on the ground that Appellants' claims were barred by the five-year statute of limitations pursuant to Section 516.120, RSMo 1994. Appellants contend the trial court erred in dismissing the petition because the petition filed by Appellants on June 24, 1997, relates back to the petition filed by Appellants' parent corporation on June 10, 1996. Alternatively, Appellants argue that the statute of limitations had not expired as to Appellants' claims discovered and ascertained in 1997. We affirm.

In 1988, Knights of Columbus and Unico Management Company ("Unico") put their respective portions of the River Roads Mall, located at 120 River Roads Mall in St. Louis County, on the market. The River Roads Mall is comprised of two separate parcels. The first parcel is the portion of the mall containing the former Dillards department store. The Dillards building parcel was owned by Knights of Columbus. The second parcel was the attached mall structure. Unico was the owner of the mall portion of the River Roads Mall property. Knights of Columbus and Unico engaged the services of Nooney Krombach ("Krombach") as the commercial listing agent. Krombach also managed the Dillards building for Knights of Columbus.

Knights of Columbus, Unico and Krombach hired Sitex Environmental, Inc. ("Sitex") to perform an environmental assessment of the River Roads Mall property. On March 16, 1988, Sitex submitted its report to Knight of Columbus, Unico and Krombach. In this March report, Sitex disclosed that there was asbestos in the boiler room in the form of cladding to piping. In the March report, Sitex further represented the insulation in the basement of the property did not contain asbestos and there were no other environmental hazards in either the Knights of Columbus property or the Unico property. Krombach forwarded this March report to Appellants, as potential purchasers of the property.

On April 25, 1988, Sitex sent a second report to Knights of Columbus, Unico and Krombach. The April report notified Knights of Columbus, Unico and Krombach that the representation in the March report that the insulation in the basement of the property did not contain asbestos was incorrect. The April report advised that the 40,000 square feet of insulation did, in fact, contain asbestos. None of Respondents ever gave this April report to Appellants.

Appellants purchased the River Roads Mall property. The purchase took place in two steps because of the separate ownership of the two parcels. Olean acquired the Unico mall property in June 1988, and Realty–North acquired the Knights of Columbus Dillards building in 1990. Olean and Realty–North are subsidiaries of a parent corporation, Benderson Development Co., Inc. ("Benderson").

In December 1991, the St. Louis County Health Department and the Occupational Safety and Health Administration (OSHA) inspected the property. That inspection revealed, contrary to the first Sitex report, there was asbestos present in the property that had not been disclosed in the March 1988 Sitex report. Like the April 1988 Sitex report, the OSHA inspection revealed 40,000 square feet of insulation in the basement contained asbestos.

Benderson filed a lawsuit in St. Louis County Circuit Court on June 10, 1996, seeking recovery from Knights of Columbus, Unico, Krombach, and Sitex (collec-

tively referred to as "Respondents") for the false statements and negligence for reporting in the March 1988 Sitex report that the sprayed on insulation did not contain asbestos. On January 24, 1997, the trial court granted Benderson leave to file an amended petition. When Benderson filed its amended petition, it added Olean and Realty–North as party plaintiffs. Respondents moved to dismiss, inter alia, because Benderson did not seek leave to amend to add or substitute parties. On May 20, 1997, the trial court dismissed the petition without prejudice. An appeal was taken, but this court dismissed it on August 26, 1997, for lack of jurisdiction because there was no final judgment.

On June 24, 1997, Appellants filed the present action. The petition set forth claims for fraud, negligent misrepresentation, and civil conspiracy associated with the sprayed on insulation discovered in 1991 and added additional claims discovered in 1997. Respondents filed motions to dismiss alleging Appellants' claims were barred by the five-year statute of limitations. The trial court sustained Respondents' motions to dismiss on the ground that Appellants' claims were barred as a matter of law by the five-year statute of limitations, Section 516.120, RSMo 1994. Appellants' Motion to Reconsider was overruled and this appeal follows.

In their first point, Appellants contend the trial court erred in sustaining Respondents' motions to dismiss because the June 24, 1997 petition "related back" to the June 10, 1996 petition filed by Benderson.

When reviewing the dismissal of a cause of action, we examine the pleadings, allowing the broadest intendment, treating all alleged facts as true, and construing the allegations in favor of the pleader, to determine whether they involve principles of law. *City of Ellisville v. Lohman*, 972 S.W.2d 527, 529–30 (Mo.App. E.D.1998). If it clearly appears that the cause of action is barred by time limitations, the motion to dismiss is properly sustained. *Id.* at 530.

A defense of statute of limitations is an affirmative defense and must be pleaded by a defendant. Rule 55.08. A motion to dismiss properly raises the defense of statute of limitations when it is clear from the face of the petition that the action is time barred. *City of Ellisville*, 972 S.W.2d at 530. If the statute of limitations is raised as an affirmative defense, the trial court may not dismiss the petition unless it is clearly established on the petition's face and without exception that the cause of action is time barred. *Id.*

We are bound by our standard of review, and therefore, our review is confined to the pleadings. Appellants' petition does not state the applicable statute of limitations, nor does it clearly state the reason the petition is not barred by the statute of limitations. In their brief, Appellants do not contest that the June 24, 1997 petition was filed beyond the five-year statutory period. Instead, Appellants argue the June 24, 1997 petition relates back to the June 10, 1996 petition filed by Benderson, thereby saving the cause of action from the time bar of the statute of limitations under Rule 55.33(c). However, Appellant's petition failed to make any reference to Benderson or to the petition previously filed by Benderson. Because it clearly appears on the face of the petition that the cause of action was time barred by the five-year statute of limitations, the motion to dismiss was properly sustained.

Appellants alternatively argue that the trial court erred in applying the statute of limitations to the claims first discovered and ascertainable in 1997. In 1997, Appellants' engaged environmental consultants to investigate the environmental issues concerning the property. These consultants found and disclosed to Appellants new areas of asbestos contamination.

For negligent misrepresentation and civil conspiracy, the causes of action accrue when the damage resulting from the offending act is sustained and

capable of ascertainment. Section 516.100, RSMo 1994. The statute of limitations starts to run when the damage is sustained and capable of ascertainment. *Heintz v. Swimmer,* 922 S.W.2d 772, 775 (Mo.App. E.D.1996). Damage is capable of ascertainment when it can be discovered or made known, ·even though the amount of damages is not then ascertainable. *Id.* A cause of action for fraud accrues when a plaintiff discovered or in the exercise of due diligence, should have discovered the facts constituting the alleged fraud. *Gilmore v. Chicago Title Ins. Co.,* 926 S.W.2d 695, 698 (Mo.App. E.D.1996); *Kueneke v. Jeggle,* 658 S.W.2d 516, 518 (Mo.App.1983). A plaintiff has a duty to make inquiry to discover the facts surrounding the fraud, and a plaintiff is deemed to know of the fraud when plaintiff possesses the means of discovery. *Gilmore,* 926 S.W.2d at 698.

Appellants had knowledge of the facts constituting the alleged fraud in 1991. The fact of damage, not necessarily the amount of damage, was capable of ascertainment at that time. Appellants' petition fails to state why the discovery in 1997 was not made sooner. When discovery is relied on to toll the statute of limitations, the petition should aver why it was not made sooner. *Kueneke,* 658 S.W.2d at 518.

We affirm the trial court's judgment sustaining Respondents' motions to dismiss.

KAROHL, J., and ROBERT E. CRIST, Senior Judge, concur.