Mary BRAUN, et al.,
Plaintiffs/Appellants,

v.

Nina PETTY, et al.,
Defendants/Respondents.

No. ED 77495.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 14, 2000.

Kenneth J. Heinz, St. Louis, MO, for appellant.

P. Dennis Barks, Hermann, MO, for respondent.

CRANDALL, Judge.

Plaintiffs, Mary Braun, et al., appeal from the trial court's dismissal of their petition to set aside a collector's deed and to quiet title to certain property purchased by defendants, Nina Petty, et al., at a tax sale. We reverse and remand.

Plaintiffs, individually and as trustees of the Ellis Farm Road and Park Association, brought the present action against defendants, seeking to set aside a collector's deed and to quiet title to certain property. In their petition, plaintiffs alleged that they held property located in Gasconade County, Missouri, as a park for the benefit and use of the property owners in Ellis Farm. They alleged that Nina Petty received a deed from the Collector of Revenue of Gasconade County, after paying $650.00 for 30.54 acres of land on which

their successors in interest failed to pay property taxes for the years of 1985 and 1986. They further alleged that the collector's deed was void "due to the fact that Plaintiff's predecessors in title were not provided with notice of any tax sale and due to the fact that the deed is so vague." Plaintiffs requested the court to declare the collector's deed null and void and to quiet title to the property in their names.

■ Defendants filed a motion to dismiss plaintiffs' petition on the grounds (1) that the petition failed to state a claim upon which relief may be granted and (2) that section 140.590, RSMo (1994), the applicable statute of limitations, barred plaintiffs' action to set aside the tax sale to defendants. The trial court sustained defendants' motion to dismiss on the basis of the three year statute of limitations. Plaintiffs filed a motion either to amend the order or to set aside the order and grant leave to file their first amended petition. At plaintiffs' request, the trial court entered a "judgment," again sustaining defendants' first amended motion to dismiss.[1] Plaintiffs appeal from that judgment.

In their first point, plaintiffs contend the trial court erred in dismissing their action (1) because they properly pleaded that the tax collector's deed was void because the description of the property was too vague and (2) because the $650.00 paid for the property was inadequate consideration.

■ As to their first argument with regard to the validity of the collector's deed, they contend that the sale was invalid under section 140.530, RSMo (1994), which provides in relevant part: "No sale or conveyance of land for taxes shall be valid if ... the description is so imperfect as to fail to describe the land or lot with reason-

able certainty...." The deed described the property as "PT NW FR; PT SW FR; PT W½ SE AC: 30.54 Section 6, Township 43, Range 6."

■ When reviewing the dismissal of a cause of action, we examine the pleadings, allowing the broadest intendment, treating all alleged facts as true, and construing the allegations in favor of the pleader, to determine whether they invoke principles of law. *Olean Assoc., Inc. v. Knights of Columbus,* 5 S.W.3d 518, 521 (Mo.App. E.D.1999). A petition is not to be held insufficient merely because of a lack of definiteness or certainty. *Wallis v. St. Louis County,* 563 S.W.2d 93, 95 (Mo. App.1978). If it appears that the cause of action is barred by time limitations, the motion to dismiss is properly sustained. *Olean Assoc.,* 5 S.W.3d at 521. A motion to dismiss properly raises the defense of statute of limitations. *Id.* If the statute of limitations is raised as an affirmative defense, the trial court may not dismiss the petition unless it is clearly established on the petition's face and without exception that the cause of action is time barred. *Id.*

■ Section 140.590 sets a three year statute of limitations on actions brought to defeat the sale of land for taxes: "Any suit or proceeding against the tax purchaser ... for the recovery of lands sold for taxes, or to defeat or avoid a sale or conveyance of lands for taxes ... shall be commenced within three years from the time of recording the tax deed...." If the land description in the tax deed is void on its face, however, it does not start the running of the three year statute of limitations. *Heppler v. Esther,* 534 S.W.2d 533, 537 (Mo.App.1976). Therefore, the threshold issue is whether the indefiniteness of the description could void the deed on its

1. Here, the trial court did not indicate whether the dismissal was with or without prejudice. Generally, under Rule 67.03, an involuntary dismissal is without prejudice unless the court specifies otherwise in its order. A dismissal without prejudice usually is not a final and appealable judgment. *Ampleman v. Schweiss,* 969 S.W.2d 862, 863 (Mo.App. E.D.

1998). Yet, where the practical effect of the court's dismissal is a termination of the litigation, the judgment is final and appealable. *Id.* at 864. Here, the dismissal of plaintiffs' action on the basis of the statute of limitations is a bar to refiling the action; and the dismissal is effectively with prejudice. Therefore, the judgment is final and appealable.

face, with the result that the statute of limitations would not start to run and the present action would not be time barred.

A land description is sufficiently definite if one reasonably skilled in determining land locations can locate it. *Wayward, Inc. v. Shafer,* 936 S.W.2d 843, 845 (Mo.App. E.D.1996). It is not required that a deed contain a sufficient description so that, based on it alone, the property can be located. *Podlesak v. Wesley,* 849 S.W.2d 728, 731 (Mo.App. S.D. 1993). Extrinsic facts pointed out in the description may be used to identify the land conveyed. *Id.* A court will declare a deed void for uncertainty of description only where, after relying on oral proof or other extrinsic evidence, the property conveyed by the instrument remains a matter of conjecture. *Id.* at 733.

In *Ijames v. Geiler,* 783 S.W.2d 934 (Mo.App.1989), this court found that a collector's deed describing the property as "Part Lot 21 .80 Acres Survey # 2991 School Dist. C–6 Road Dist. # 13" failed to describe the property with reasonable certainty. In *Moise v. Robinson,* 533 S.W.2d 234 (Mo.App.1975), the court held that a collector's deed with the legal description "Pt. Lot 2 SW¼, Section 18, Township 40, Range 3" also failed to describe the property with reasonable certainty. In each of these cases trials were held and evidence adduced. In *Podlesak,* 849 S.W.2d at 728, this court found that the trial court improperly granted summary judgment because there was a material issue of fact as to the sufficiency of a description of "Section 20 Township 39 Range 16 Pt Lot 8 Beg at Pt on W' Ly R/W 30' Road that is 1229' N & 522' W SE 08 4.0 20.0 000 001 002.002" to identify the land intended to be conveyed.

In the instant action, the description of the property in the deed attempted to comply with the usual mode of describing subdivisions of land according to the United States Government Survey. *Hagerman v. Thompson,* 68 Wyo. 515, 235 P.2d 750, 758 (Wyo.1951). In that system, there are sixteen different subdivisions of a section of the survey and each of those subdivisions ordinarily contains 40 acres. *Id.*

Here, the description in the deed contained the letters NW, SW and SE, none of which was followed by any numerals, such as ¼. Because the trial court dismissed the action, there was no evidence that the abbreviations NW, SW, or SE, without any accompanying symbols to denote the quarter section, could be understood to refer to the northwest quarter, the southwest quarter, or the southeast quarter, respectively, of the section. In addition, there was no testimony that "AC: 30.52" was sufficient to describe the quantity of land in question and whether it was relevant that the acreage was less than the forty acres usually contained in a section in a government survey. Although the deed further identified the property as land owned by "Ellis, Harry L. & Charlotte & Ellis, Gordon," there was no testimony that the designation of the owners alone was sufficient to identify the land, especially if the rest of the description would be found to be defective. Because the trial court granted dismissal, no evidence was adduced to establish whether the description in the collector's deed was ambiguous. The parties should be afforded the opportunity to develop a record upon which it can be determined whether the description in the tax deed was sufficient to describe the land.

As to plaintiffs' second argument with regard to the insufficiency of the amount paid for the property, plaintiffs acknowledged that *Powell v. St. Louis County,* 559 S.W.2d 189 (Mo. banc 1977), overruled prior decisions and held that tax sales could not be set aside for inadequate consideration. Plaintiffs have cited no cases holding otherwise. Thus, inadequacy of consideration is not a viable challenge to a tax sale.

Furthermore, the action brought by plaintiffs was not only an ac-

tion to set aside the collector's deed, but also an action to quiet title. Section 527.150, RSMo (1994) is the statute relating to suits to determine interest and quiet title; it is remedial in nature and is to be liberally construed. *Wallis,* 563 S.W.2d at 95. If title has been properly put in issue, a judgment of dismissal without determination of title is error. *State ex rel. Missouri Highway and Transp. Comm'n v. London,* 824 S.W.2d 55, 59 (Mo.App. E.D. 1991). This is true even if a plaintiff fails to establish his claim of title. *Id.* An adjudication of title, however, must be based upon some evidence sufficient to put the title in issue. *Id.*

In evaluating the sufficiency of a petition in a quiet title action, Missouri courts have required only that the plaintiff allege that he has an estate, interest, or title when the suit is instituted; the nature of his particular estate, interest, or title; and that the defendant has an adverse claim. *Morgan v. Morgan,* 555 S.W.2d 378, 380 (Mo.App.1977). Plaintiffs' petition satisfies these standards in that it alleged that they had an interest in the property because, *inter alia,* the collector's deed was so vague that there was no reasonable certainty as to the identification of the property; and that defendants had an adverse claim in that they claimed some interest in the property by virtue of the purchase at the tax sale. Sufficient facts were alleged to warrant a determination of what interest, if any, plaintiffs held, because they placed in issue the validity of the conveyance to defendants by the collector's deed. The trial court erred in dismissing the petition as to the quiet title action, because the court should have determined the property rights of the respective parties.

The trial court erred in dismissing plaintiffs' first amended petition to set aside the collector's deed and to quiet title because the allegations were sufficient. Plaintiffs' first point is granted.

In their second point, plaintiffs challenge the trial court's dismissal of their action on the basis of the three year statute of limitations. If the tax deed was void on its face, it would not start the running of the statute of limitations of three years contained in section 140.590. *See Heppler,* 534 S.W.2d at 537. In the instant action, it was not clearly established on the petition's face and without exception that the cause of action was time barred. Upon remand, the court must first determine the validity of the collector's deed after evidence is presented before it can decide whether the application of section 140.590 bars the present action. At this juncture in the case, given our holding under point one that the court erred in dismissing plaintiffs' action, the application of the statute of limitations is premature. The trial court erred in dismissing plaintiffs' petition on the ground that it was time barred. Plaintiffs' second point is granted.

The judgment of the trial court is reversed and the cause is remanded.

AHRENS, P.J., and JAMES R. DOWD, J., concur.