**John AUFENKAMP and Robert M. Aufenkamp, Respondents,**

v.

**Dorwin GRABILL and Lavaughn Grabill d/b/a Grabill Construction, Appellants.**

### No. WD 64262.

Missouri Court of Appeals, Western District.

June 21, 2005.

G. Thomas Harris, III, Richmond, MO, for appellants.

John B. Neher, Lexington, MO, for respondents.

Before BRECKENRIDGE, P.J., LOWENSTEIN and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Dorwin and Lavaughn Grabill appeal from a judgment awarding damages of $18,356 to John and Robert Aufenkamp on a breach of contract claim involving the purchase of a bulldozer. We reverse the judgment, finding the claim was barred by the statute of limitations.

## FACTUAL AND PROCEDURAL HISTORY

In October 1992, Dorwin and Lavaughn Grabill, d/b/a Grabill Construction, ("Grabills") agreed to purchase a bulldozer from Ray Aufenkamp for $30,000. The Grabills made installment payments totaling $23,500 on the bulldozer, but they made no further payments after December 27, 1997.

Ray Aufenkamp died in September 2000. One year later, his sons, John and Robert Aufenkamp ("Aufenkamps"), filed a breach of contract petition against the Grabills for the balance due on the bulldozer plus interest. At trial, the Grabills moved to dismiss the petition on grounds that the Aufenkamps lacked standing in their individual capacities to sue on behalf of their father's estate. The court took the motion with the case and, after a bench trial, entered a defense judgment in favor of the Grabills on December 20, 2001.

Two months after judgment was entered, the Aufenkamps filed a petition for heirship declaration in the probate court. The Aufenkamps also requested the trial court to re-open the judgment in the breach of contract case pending the outcome of the probate petition. On April 3, 2002, the trial court denied the Aufenkamps' motion as untimely under Rule 78.04.[1]

The Aufenkamps appealed the denial of the motion to re-open the judgment. We determined the Aufenkamps lacked standing to sue because they were not "the real parties in interest to enforce a contract between their father and the Grabills, and

---

1. All rule citations are to the Missouri Rules of Procedure, unless otherwise noted.

Rule 78.04 provides that a motion to amend the judgment must be filed no later than thirty days after the entry of judgment.

likewise did not have standing to sue on behalf of their father's estate[.]" *Aufenkamp v. Grabill,* 112 S.W.3d 455, 460 (Mo. App.2003) ("*Aufenkamp I*"). Accordingly, we reversed the judgment and remanded the cause for dismissal because the trial court lacked subject matter jurisdiction over the petition for breach of contract. *Id.* Upon remand, the trial court dismissed the petition without prejudice on September 10, 2003.

During the pendency of the appeal, the probate court entered an order declaring John and Robert Aufenkamp as the sole heirs of Ray Aufenkamp. Less than one month after the trial court dismissed the original petition in *Aufenkamp I,* the Aufenkamps filed a new petition *("Aufenkamp II"),* as the sole heirs and beneficiaries of Ray Aufenkamp, alleging a breach of contract claim against the Grabills. The Grabills moved to dismiss, alleging the contract claim was barred by the five-year limitations period in Section 516.120.[2] The Aufenkamps contended their claim was timely pursuant to the savings statute in Section 516.230.

After a bench trial, the court denied the motion to dismiss and entered judgment in favor of the Aufenkamps for $18,356.65, plus costs and post-judgment interest. The Grabills appeal.

## POINT ON APPEAL

In their sole point on appeal, the Grabills contend the trial court erred in denying their motion to dismiss because the breach of contract action in *Aufenkamp II* was barred by the applicable statute of limitations. This issue involves statutory interpretation and the application of law, which we review *de novo* without deference to the trial court's decision. *McKin-*

**2.** All statutory citations are to the Missouri Revised Statutes (1994) unless otherwise noted.

*ney v. State Farm Mut. Ins.,* 123 S.W.3d 242, 245 (Mo.App.2003).

The parties agree that the five-year statute of limitations in Section 516.120 is applicable to the breach of contract claim at issue. The parties further agree that the breach of contract claim accrued on December 19, 1997, when the Grabills stopped making installments payments on the bulldozer and failed to pay the balance due of $6,500. The Grabills argue that because the *Aufenkamp II* petition was not filed until October 7, 2003, more than five years after the breach of contract claim accrued, the claim is time-barred.

In response, the Aufenkamps contend their petition was timely filed in 2003 under the savings statute in Section 516.230, which provides:

> If any action shall have been commenced within the times respectively prescribed in section 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, ... such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered....

Based on this statute, the Aufenkamps argue that their original breach of contract claim in *Aufenkamp I* was filed in September 2001, well within the applicable five-year limitations period that began in December 1997. When that original petition was dismissed in September 2003, the Aufenkamps filed their new petition one month later and within one year of the dismissal. Thus, they contend the savings statute preserved the breach of contract claim in *Aufenkamp II* despite its filing more than five years after the claim accrued in 1997.

■ We disagree that the savings statute is applicable to the circumstances of case. Because the Aufenkamp brothers filed as "legally different plaintiffs" in the two lawsuits, they are not entitled to the protection afforded by Section 516.230. *Smith v. Tang*, 926 S.W.2d 716, 719 (Mo. App.1996)

■ In *Aufenkamp I*, the brothers brought suit in their individual capacities as John and Robert Aufenkamp. When it was later determined they had no standing to sue on behalf of their father's estate as individuals, they filed *Aufenkamp II* in a different capacity as the legal heirs and personal representatives of Ray Aufenkamp. The savings statute provides that if a plaintiff's original action is timely commenced and then dismissed,[3] "such plaintiff" may file a new action within one year of the dismissal. § 516.230. The right to bring a new action is given only to the plaintiff in the original action.[4] *Smith*, 926 S.W.2d at 719.

As the legal heirs and personal representatives of their father's estate in *Aufenkamp II*, the Aufenkamp brothers were not the same individual plaintiffs who filed the original breach of contract claim in *Aufenkamp I. Id.* The personal representatives had never previously filed suit against the Grabills, were not a party to the original breach of contract action filed in 2001, and had never suffered a nonsuit prior to the 2003 filing of their breach of contract claim in *Aufenkamp II*. Accordingly, they could not satisfy the requirements of Section 516.230 to save their claim from being time-barred.

The trial court erred as a matter of law in denying the Grabills' motion to dismiss. The breach of contract claim was barred by the statute of limitations because it was not filed by the personal representatives of Ray Aufenkamp until 2003, more than five years after the claim accrued in 1997. The judgment is reversed.

All concur.

---

3. The term "nonsuit," as used in a savings statute, includes a dismissal without prejudice. *Ferrier–Harris, Ltd. v. Sanders*, 905 S.W.2d 123, 126 (Mo.App.1995).

4. We have recognized an exception to this rule only when "the second plaintiff sues in the same right as the original plaintiff, such as a successor trustee." *Smith*, 926 S.W.2d at 719. This exception is not applicable here, because a person suing in an individual capacity cannot assert the same rights as a person suing as the personal representative of an estate. *Id.* In this regard, we note that the original petition in *Aufenkamp I* was dismissed because the plaintiffs lacked standing as individuals to sue on behalf of the decedent.