James QUINTON and Shawndrea Quinton, Plaintiffs–Appellants,

v.

Rachelle UNGER, et al., Defendants–Respondents.

Nos. 27234, 27237, 27239.

Missouri Court of Appeals, Southern District, Division One.

July 31, 2006.

Motion for Rehearing or Transfer to Supreme Court Denied Aug. 22, 2006.

Application for Transfer Denied Sept. 26, 2006.

Danieal H. Miller, Columbia, for appellants.

Dan L. Birdsong, W.H., Thomas, Jr., Thomas, Birdsong & Mills, P.C., Rolla, for Satterly.

Charles J. McPheeters, Carson & Coil, P.C., Jefferson City, for Nurses.

Joel A. Block, Glenn A. Burkart, Bruce E. Hunt, Springfield, for James and Mid–Missouri Internal Medicine, Inc.

JOHN E. PARRISH, Judge.

James Quinton and Shawndrea Quinton (plaintiffs) appeal three judgments entered in the Circuit Court of Phelps County, Missouri, in a case plaintiffs brought against multiple defendants. Appeal No. 27234 is plaintiffs' appeal of a judgment dismissing their action against Dr. Thomas Satterly. Appeal No. 27237 is an appeal of a judgment dismissing their action against Dr. Don James and Mid–Missouri Internal Medicine, Inc. Appeal No. 27239 is an appeal of plaintiffs' action against J. Potter, R.N., Sally Maxwell, R.N., L. Valverde, R.N., Patsy Alexhows, R.N., Alice Henry, R.N., K. Huff, R.N., K. Wys, R.N., P. Sweeney, R.N., Jayn Potter, R.N., K. Clover, R.N., J. Kinder, R.N., Tracy Parker, R.N., K. Cantwell, R.N., Stacey Maxwell, R.N., K.J. Lossi, R.N., and Helen Turner, R.N., (collectively referred to as the nurses). This court consolidated the appeals at the request of plaintiffs' attorney. The judgments are affirmed.

A synopsis of the tortured history of this case is required for purposes of addressing the matters appealed. The defendants are health care providers who James Quinton alleges rendered health care to him. James Quinton's claims against Dr. Satterly are for medical malpractice (Count I) and punitive damages (Count II). His claims against the nurses are for medical

malpractice (Count III) and punitive damages (Count IV). Mr. Quinton's claims against Dr. James are, likewise, for medical malpractice (Count V), including punitive damages (Count VI). Count VII is a claim for medical malpractice against Mid–Missouri Internal Medicine, Inc., the medical group with which, Mr. Quinton alleges, Dr. James practices.

Shawndrea Quinton, James Quinton's wife, brings an action for loss of consortium (Count X).[1] It is against all respondents in these appeals.

Plaintiffs initially brought an action in the Circuit Court of Jackson County, Missouri, against one defendant, Rachelle Unger, who was not a resident of Missouri and is not a party to the action that produced these appeals. It was filed April 12, 2000. The initial petition alleged venue was proper in Jackson County because the defendant in that action did not reside in Missouri. The defendant in that case was a physician alleged to have seen Mr. Quinton in the emergency room of Phelps County Regional Medical Center "for care and treatment of an open fracture of his lower left leg." James Quinton sought damages for medical malpractice. Shawndrea Quinton sought recovery for loss of consortium.

An amended petition was filed in Jackson County Circuit Court on April 14, 2000. It added additional party defendants, including those persons who are respondents in this consolidated appeal.

James Quinton sought damages for medical malpractice against all defendants named in the suit. Shawndrea Quinton sought damages for loss of consortium against all defendants. The Jackson County case was transferred to the Circuit Court of Phelps County, Missouri, September 22, 2000, because of *forum non conveniens*.[2] The case was assigned No. CV300–1089CC in Phelps County Circuit Court.

The amended petition that was pending when the case was transferred from Jackson County to Phelps County alleged that as a result of negligence of the various defendants, James Quinton suffered amputation of his left leg below the knee, normal function of his left leg, scarring of his left leg, and impairment of vision in both eyes. The amended petition further alleged that James Quinton had the potential for further reconstructive surgery on his left leg.

A Second Amended Petition was filed May 6, 2004. It was filed in the Phelps County Circuit Court. It alleged that as a result of negligence of the various defendants with respect to failing to treat James Quinton's diabetes or to refer James Quinton for treatment for diabetes, he suffered retinal detachment and blindness in his right eye and impairment of his vision in his left eye. The Second Amended Petition included no claim for a leg injury. Shawndrea Quinton sought damages for loss of consortium based on the injuries

1. Counts VIII and IX are claims against other parties for injuries different from the injuries for which recovery is sought in the counts that were dismissed in the judgments that are the subject of this appeal.

2. The filing of an action against a resident of a state other than Missouri and subsequent addition of Missouri residents as additional defendants, none of whom were residents of the county where the case was pending, would now result in venue being improper where the case was filed. *State ex rel. Linthicum v. Calvin*, 57 S.W.3d 855, 858 (Mo.banc 2001), decided after the Jackson County case was transferred to Phelps County, declared that for purposes of establishing venue, "a suit instituted by summons is 'brought' whenever a plaintiff brings a defendant into a lawsuit, whether by original petition or by amended petition."

the Second Amended Petition alleged James Quinton sustained.

■ On April 15, 2004, plaintiffs filed another lawsuit in the Circuit Court of Phelps County, case No. CV304–0593CC, that sought damages regarding the loss of James Quinton's leg.[3] The original case, No. CV300–1089CC, is referred to by the parties as "the eye case," and the other lawsuit, No. CV304–0593CC, as "the leg case."[4]

Three additional amended petitions have been filed in the original case, Phelps County Circuit Court No. CV300–1089CC. A copy of a Third Amended Petition is included in the legal file. It is date stamped "RECEIVED MAR 04 2005." A docket entry dated "03/10/05" indicates that leave was granted to file an amended petition. It is followed by a second docket entry with the same date that states, "Event Complete." It includes allegations of negligence by medical providers resulting in, among other things, amputation of James Quinton's left leg below the knee, loss of normal function of the left leg, and scarring of the left leg. The Third Amended Petition is directed to the same events that were in the Amended Petition filed in Jackson County that was pending when the case was transferred to Phelps County.

A Fourth Amended Petition was filed May 25, 2005, that asserted the same claims as the Third Amended Petition as to the respondents in this appeal. It was followed by a Fifth Amended Petition filed June 29, 2005, that asserted the same claims.

Following the filing of motions directed to the fourth and fifth amended petitions, the trial court entered orders striking plaintiffs' claims for leg injuries against the nurses, Dr. Satterly, and Dr. James and Mid–Missouri Internal Medicine, Inc., on the basis that those claims were barred by the statute of limitations. The trial court declared there was no just reason for delay with respect to the entry of each judgment.

The judgment regarding Dr. James and Mid–Missouri Internal Medicine, Inc., provides, as applicable to this opinion:

. . .

Based on the hearing on this matter held on June 9, 2005, and based on the Court's research into this issue, the Court finds that the leg-related allegations in Plaintiffs' Fifth Amended Petition are barred by the applicable two-year statute of limitations, § 516.015, RSMo.

The Court hereby grants said Motion to Dismiss and Strike filed by Defendants James, D.O. and Mid–Missouri Internal Medicine and ORDERS, ADJUDGES and DECREES that the leg-related allegations against these Defendants be and hereby are dismissed and stricken from Plaintiffs' Fifth Amended Petition.

. . .

The judgment directed to the claim against Dr. Satterly states:

3. The record on appeal does not include a copy of the petition filed as a separate action April 15, 2004. Plaintiffs' statement of facts states this occurred. The respondents' briefs concede that this occurred. "Where a statement of fact is asserted in one party's brief and conceded to be true in the adversary's

brief, we may consider it as though it appears in the record." *Thornbury v. Morris Oil Co.,* 846 S.W.2d 238, 239 n. 2. (Mo.App.1993).

4. Plaintiffs' Appellants' Brief states that the "new case" was dismissed based on statute of limitations.

On the 9th day of June, 2005, Defendant Thomas Satterly, D.O., filed a Motion to Dismiss all causes of action against Defendant Dr. Satterly in Plaintiffs' Fourth Amended Petition relating to Plaintiff James Quinton's leg injuries on the ground that the Statute of Limitations barred these causes of action against Defendant Dr. Satterly. This Motion was taken under advisement; and, before the Motion was ruled upon, Plaintiffs' attorney filed a Fifth Amended Petition alleging exactly the same cause of action against Defendant Dr. Satterly as was alleged in the Fourth Amended Petition. Further, on or about July 6, 2005, Defendant Dr. Satterly filed a Motion to Dismiss all causes of action against Defendant Dr. Satterly in Plaintiffs' Fifth Amended Petition relating to Plaintiff James Quinton's leg injuries on the ground that these causes of action are barred by the Statute of Limitations.

Based upon the hearing held previously on the 9th day of June, 2005, and based upon the Court's research of this matter, Defendant Dr. Satterly's Motion to Dismiss is sustained and all causes of action and allegations against Dr. Satterly regarding damages to Plaintiff James Quinton's legs are hereby dismissed and stricken from Plaintiffs' Fifth Amended Petition.

. . .

The judgment directed to the claim against the nurses states:

On the 9th day of June, 2005, Defendants denominated ... (hereinafter the nurse defendants) filed a Motion to Strike all causes of action against the nurse defendants in Plaintiffs' Fourth Amended Petition relating to Plaintiff James Quinton's leg injuries on the ground that the Statute of Limitations barred these causes of action against the nurse defendants. This Motion was taken under advisement; and, before the Motion was ruled upon, Plaintiffs' attorney filed a Fifth Amended Petition alleging exactly the same cause of action against the nurse defendants as was alleged in the Fourth Amended Petition. Further, on or about July 6, 2005, the nurse defendants filed a Motion to Strike all causes of action against the nurse defendants in Plaintiffs' Fifth Amended Petition relating to Plaintiff James Quinton's leg injuries on the ground that these causes of action are barred by the Statute of Limitations.

Based upon the hearing held previously on the 9th day of June, 2005, and based upon the Court's research of this matter, the nurse defendants' Motion to Strike is sustained and all causes of action and allegations against the nurse defendants regarding damages to Plaintiff James Quinton's legs are hereby dismissed and stricken from Plaintiffs' Fifth Amended Petition.

. . .

■ Plaintiffs assert one point on appeal. They contend "[t]he trial court erred in dismissing the amended claims related to the loss of James Quinton's leg as being filed outside the statute of limitations" for the reason that the claims arose from "the same conduct, transaction or occurrence as that set forth in the initial pleadings filed within the statute of limitations and as that set forth in the pending claims related to Quinton's loss of sight."

Section 516.105, RSMo 2000, provides, as applicable here[5]:

All actions against physicians, hospitals, dentists, registered or licensed

_____

5. There are exceptions to the two-year period of limitations not applicable to this case.

practical nurses, optometrists, podiatrists, pharmacists, chiropractors, professional physical therapists, and any other entity providing health care services and all employees of any of the foregoing acting in the course and scope of their employment, for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of. . . .

Plaintiffs argue that Rule 55.33(c) permits the amendments they made. Rule 55.33 provides:

> (a) **Amendments.** A pleading may be amended once as a matter of course at any time before a responsive pleading is served. . . . Otherwise, the pleading may be amended only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . .

> . . .

> (c) **Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. . . .

They contend that the amendments made relate back to the date of the original pleading; that, therefore, they were permitted by Rule 55.33(c) and the trial court erred in dismissing those claims.

Plaintiffs' reliance on Rule 55.33(c), however, is misplaced in that after they separated their claim for injuries related to James Quinton's leg by bringing a separate action for the damages they alleged he sustained by negligence of various medical care providers, Phelps County Circuit Court case No. CV304–0593CC, that claim was adjudicated. The claim in No. CV304–0593CC was dismissed August 20, 2004, by the Circuit Court of Phelps County "for violation of Statute of Limitations." The dismissal of an action for noncompliance with statute of limitations is a termination of the litigation and, therefore, a bar to refiling the action. *Braun v. Petty*, 31 S.W.3d 521, 523 n. 1 (Mo.App.2000). Such a dismissal is effectively with prejudice. *Id.* Rule 55.33(c) is of no consequence. Plaintiffs' point is denied. The judgments are affirmed.

RAHMEYER, P.J., and SHRUM, J., concur.