**Joy R. WEBSTER, Appellant,**

v.

**OTWO I, INC., et al., Respondent.**

**No. WD 70478.**

Missouri Court of Appeals, Western District.

Oct. 27, 2009.

Bradley D. Honnold, Esq., Leawood, KS, for appellant.

Christopher B. Turney, Esq., Kansas City, MO, for respondent.

Before: ALOK AHUJA, P.J., and JAMES M. SMART and LISA WHITE HARDWICK, JJ.

ALOK AHUJA, Judge.

Appellant Joy R. Webster, in her capacity as bankruptcy trustee, filed suit against Respondents Otwo I, Inc., et al. (collectively "Otwo"), alleging that Otwo was liable for injuries sustained by Patrick M. Kronin while at work. The circuit court dismissed Webster's petition as time barred. We affirm.

## Factual Background

Patrick and Lynn Kronin initially filed suit against Otwo in their own names on August 26, 2005, in the Circuit Court of Jackson County (the "Kronin action," No. 0516–CV26274).[1] While the Petition in the Kronin action is not included in the record on appeal, the parties do not dispute that it alleged that Otwo was liable for personal injuries that Mr. Kronin sustained on September 13, 2001, when he slipped and fell on the floor while at work. (According to the allegations in the present action, Otwo or its predecessors provided janitorial services to the office building in which Mr. Kronin worked, and failed to warn him of the recently mopped, wet floor on which he fell.)

When the Kronin action was filed, the Kronins had a personal Chapter 7 bankruptcy case pending in the United States Bankruptcy Court for the Middle District of Georgia. Webster was the bankruptcy trustee for the Kronins' bankruptcy; in that capacity, she moved to intervene (presumably as of right) or be substituted as

---

1. The Kronin action was actually filed against BGM Industries, Inc., which later changed its name to Otwo I, Inc.

plaintiff in the Kronin action. Webster's motion to intervene or be substituted was filed on July 5, 2007, almost six years after Patrick Kronin's injuries allegedly arose.

On September 6, 2007, the circuit court issued its Judgment and Order dismissing the Kronin action, without prejudice, on the basis that the Kronins lacked standing. The Court also ordered that Webster's "Motion to Substitute as a Plaintiff, or in the Alternative, Intervene, ... is hereby deemed moot, as the court is without jurisdiction to address the motion." The court explained the basis for its ruling in a memorandum accompanying the judgment:

> Defendant's pleadings assert that Plaintiffs' lack of standing at the time the suit was filed is dispositive of this case. Plaintiffs' Suggestions in Opposition to Defendant's Motion states that "Plaintiffs admit they do not have standing to pursue their claims because of their bankruptcy filing." Therefore, the case is dismissed for lack of standing. However the court's order dismissing the case without prejudice does not preclude a party with proper standing from re-filing Plaintiffs' claims pursuant to the savings clause provided for in Mo. Rev.Stat. § 516.230.

Webster filed this suit on September 5, 2008, almost seven years after Patrick Kronin's injuries allegedly occurred, but within one year of the dismissal of the Kronin action. She alleges that, as the trustee for the Kronins' bankruptcy, she "has standing to prosecute Mr. and Mrs. Kronin's claims," and that "[t]he purpose of this action is to restate and re-allege in the name of the Bankruptcy Trustee Webster each of the claims, causes of actions and elements of damages previously advanced" in the Kronin action. Otwo moved to dismiss on the grounds that Webster's claims were barred by the applicable statute of limitations. On November 19, 2008, the circuit court granted the motion and dismissed Webster's petition.

Webster now appeals, claiming that her suit is timely under § 516.230,[2] because it was filed within one year of the dismissal of the Kronin action without prejudice.

### Standard of Review

Where claims are dismissed on the grounds that they are barred by the statute of limitations, this Court reviews the matter as an issue of law. *Bettis v. Potosi R–III Sch. Dist.*, 51 S.W.3d 183, 185 (Mo.App. W.D.2001). The pleadings are "construed liberally, treating all facts alleged as true and construing allegations favorably to the plaintiff." *Dupree v. Zenith Goldline Pharms., Inc.*, 63 S.W.3d 220, 221 (Mo. banc 2002). A petition may not be dismissed for violating the statute of limitations "unless it is clearly established on the petition's face and without exception that the cause of action is time barred." *Braun v. Petty*, 31 S.W.3d 521, 523 (Mo.App. E.D.2000).

### Analysis

No one disputes that Webster filed this lawsuit almost seven full years after the cause of action accrued in September 2001. Webster's claims are therefore time-barred under the five-year limitations period established by § 516.120, unless she can take advantage of the one-year savings provision in § 516.230 based on the dismissal of the Kronin action—a lawsuit to which Webster was not a party.

Section 516.230 states in relevant part:

> If any action shall have been commenced within the times respectively prescribed in section 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, ... *such plaintiff* may commence a new

---

**2.** All statutory references are to RSMo 2000 unless otherwise indicated.

action from time to time, within one year after such nonsuit suffered. . .·.

(Emphasis added.)

■ "The savings statute provides that if a plaintiff's original action is timely commenced and then dismissed, 'such plaintiff' may file a new action within one year of the dismissal." *Aufenkamp v. Grabill,* 165 S.W.3d 191, 194 (Mo.App. W.D.2005) (footnote omitted). However, *"[t]he right to bring a new action is given only to the plaintiff in the original action." Id.* (emphasis added).

Webster was not a plaintiff in the Kronin action; she claims, however, that she is suing "in the same right as the original Kronin plaintiffs." The problem with Webster's attempt to stand in the Kronins' shoes is that "the original petition [brought by the Kronins] was dismissed because the plaintiffs lacked standing as individuals to sue," *id.* n. 4, because they had filed for bankruptcy protection before filing the Kronin action.[3]

We addressed a functionally identical situation in *Aufenkamp.* In *Aufenkamp,* two sons filed a lawsuit alleging that the defendants had breached a contract with their deceased father. The suit was dismissed because the sons, as individuals, lacked standing to enforce a contract to which they were not parties. *Aufenkamp v. Grabill,* 112 S.W.3d 455, 460 (Mo.App. W.D.2003) *("Aufenkamp I ").* The sons later obtained a probate court determination that they were their deceased father's sole heirs. *Aufenkamp,* 165 S.W.3d at 193. They then filed a new lawsuit, outside the limitations period, in their capacity as the sole heirs and personal representatives of their father's estate. *Id.* The circuit court refused to dismiss the second lawsuit as time-barred. We reversed,

finding that the one-year savings provision in § 516.230 did not apply, even though *the same individuals* had filed the successive actions:

> Because the Aufenkamp brothers filed as "legally different plaintiffs" in the two lawsuits, they are not entitled to the protection afforded by Section 516.230.
>
> . . . The savings statute provides that if a plaintiff's original action is timely commenced and then dismissed, "such plaintiff" may file a new action within one year of the dismissal. § 516.230. The right to bring a new action is given only to the plaintiff in the original action.
>
> As the legal heirs and personal representatives of their father's estate in *Aufenkamp II,* the Aufenkamp brothers were not the same individual plaintiffs who filed the original breach of contract claim in *Aufenkamp I.* The personal representatives had never previously filed suit against the Grabills, were not a party to the original breach of contract action filed in 2001, and had never suffered a nonsuit prior to the 2003 filing of their breach of contract claim in *Aufenkamp II.* Accordingly, they could not satisfy the requirements of Section 516.230 to save their claim from being time-barred.

*Id.* at 194 (citation and footnotes omitted); *see also Smith v. Tang,* 926 S.W.2d 716, 719 (Mo.App. E.D.1996)("A new plaintiff who was not the plaintiff in the nonsuited action 'manifestly is not protected by the provisions of this section of the [savings] statute.'" (citation omitted); affirming dismissal of survivorship action brought by personal representative of decedent's estate, within one year of dismissal of action

---

**3.** The trial court's ruling that the Kronins lacked standing to prosecute the earlier action in their own names is not at issue here. As reflected in the circuit court's memoran-

dum in the Kronin action (quoted above), the Kronins apparently conceded that they lacked standing in their opposition to Otwo's motion to dismiss the earlier case.

filed by personal representative in her individual capacity).

*Aufenkamp* recognizes that an exception to the general rule exists "when 'the second plaintiff sues in the same right as the original plaintiff, such as a successor trustee.' " 165 S.W.3d at 194 n. 4 (quoting *Smith*, 926 S.W.2d at 719). But *Aufenkamp* holds that this exception is not available where the plaintiff in the first action lacked standing, because—by definition—the original plaintiff was not legally entitled to "assert the same rights" as the proper party-plaintiff who files the second suit. *Id.* Had a prior, properly authorized bankruptcy trustee brought the original personal injury action on behalf of the Kronins, this lawsuit might well fall within the exception recognized in *Aufenkamp* and *Smith*. But that is not this case.

This result is not altered by Webster's argument that the circuit court's memorandum in the Kronin action "grant[ed] specific authority for a party with proper standing ... to pursue the Kronin's personal injury claims with the benefit of the savings statute," and that this ruling "should be given full deference and effect." The circuit court's memorandum, addressing the timeliness of a hypothetical future lawsuit, cannot bind Otwo or enlarge the applicable statute of limitations. " 'The

breath of life cannot, by judicial hands, be instilled into a petition devoid of life.' " *Henderson v. Fields*, 68 S.W.3d 455, 467 (Mo.App. W.D.2001)(quoting *State ex rel. Jewish Hosp. of St. Louis v. Buder*, 540 S.W.2d 100, 107 (Mo.App.1976)). Beyond the fact that the circuit court's observations in the Kronin action addressed a situation that was not then before the court and were not essential to its disposition, Otwo had no right to appeal those statements, since it had obtained all of the relief to which it was entitled based on the Kronins' lack of standing—a dismissal without prejudice.[4] Otwo cannot be bound by what are essentially *dicta* in the judgment in the Kronin action, where it had no prior right to appeal the statements at issue.[5]

■■■■ Finally, Webster argues that because "[t]he traditional policy arguments for statutes of limitations ... have been satisfied in that the suit was timely commenced and the defendants were on clear notice as to the details of the liability claims and the alleged injuries[,] ... public policy should ... allow [the] claim to be adjudicated on its merits." But "[s]tatutes of limitation may be suspended or tolled only by specific disabilities or exceptions enacted by the legislature, and courts cannot extend those exceptions." *Hammond*

4. *See, e.g., Wright v. Rankin*, 109 S.W.3d 696, 699–700 (Mo.App. S.D.2003) (where trial court denied plaintiffs relief on claim that defendant-elected officials had violated Sunshine Law, defendants were not "aggrieved" by, and therefore could not appeal, language of judgment finding that they had violated Sunshine Law, although not purposely, despite their stated concerns over public perception of the court's finding).

5. Although not dispositive, we note that *Webster* (and/or the Kronins) likely could have appealed the circuit court's denial of Webster's motion to intervene and/or be substituted into the Kronin action. "When a movant claims intervention as a matter of right, the

movant asserts that she may be legally bound or prejudiced by any judgment entered in the case [and][b]ecause the movant cannot appeal from the judgment unless she is allowed to intervene, 'the order denying intervention has the degree of definitiveness which supports an appeal therefrom.' " *Eckhoff v. Eckhoff*, 242 S.W.3d 466, 469 (Mo.App. W.D.2008) (citation omitted); *see also State ex rel. Webster County v. Hutcherson*, 199 S.W.3d 866, 872 (Mo.App. S.D.2006). Further, although the disposition of the Kronin action was denominated a dismissal without prejudice, jurisdiction exists to appeal such a ruling where "the dismissal ha[s] the practical effect of terminating the action." *Kinder v. Holden*, 92 S.W.3d 793, 801 (Mo.App. W.D.2002).

*v. Mun. Corr. Inst.,* 117 S.W.3d 130, 138 (Mo.App. W.D.2003). " 'Statutory exceptions are strictly construed and are not to be enlarged by the courts upon consideration of apparent hardship.' " *Davidson v. Lazcano,* 204 S.W.3d 213, 217 (Mo.App. E.D.2006) (citation omitted). Here, the savings provision in § 516.230 does not apply to a later action filed by a party suing in a different capacity than the plaintiff in an earlier lawsuit that was dismissed for lack of standing—the proper party-plaintiff who files the second action is simply not "such plaintiff" who "suffer[ed] a nonsuit" in the earlier case. Our own sense of public policy or the equities of an individual case cannot enlarge the specific terms of § 516.230's one-year savings provision.

### Conclusion

The judgment is affirmed.

All concur.